# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELINA JACKSON,

       Applicant,

     v.                                               CIV 06-0294 BB/WPL

WILLIAM SNODGRASS, Warden,
and The Attorney General of the
State of New Mexico,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Angelina Jackson pled no contest pursuant to a plea agreement to three counts of cocaine trafficking. She filed a timely *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter is before me on Jackson's petition, Respondents' answer and motion to dismiss, and Jackson's response. For the reasons that follow, I recommend that the petition be dismissed.

## PROPOSED FINDINGS

### FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2004, Jackson pled no contest pursuant to a plea agreement in New Mexico state district court to three counts of Trafficking a Controlled Substance, Cocaine, a second degree felony, contrary to N.M. STAT. § 30-31-20. (Doc. 10 Ex. A, B.) On April 25, 2005, the court sentenced Jackson to a term of nine years on each count, to run concurrently, for a total of nine years' imprisonment. (*Id.* Ex. A.) It further suspended all of the sentence except four years, to be followed by two years' parole. (*Id.*)

On May 6, 2005, Jackson filed a motion to reconsider sentence (*Id*. Ex. C), which was denied on May 10, 2005 (*Id*. Ex. D). On October 17, 2005, Jackson filed a petition for writ of habeas corpus in state district court. (*Id*. Ex. G.) She alleged a due process violation, claiming that she was not allowed to make a statement to the court on her behalf. (*Id*.) The court denied the petition. (*Id*. Doc. H.) Jackson then filed a motion for reconsideration of sentence. (*Id*. Doc. I.) She made no legal objections to her sentence, but she stated that she would change her habits and would not commit any more crimes. (*Id*.) She asked to be released after she completed her rehabilitation substance abuse program. (*Id*.) The court denied her motion on November 7, 2005. (*Id*. Ex. J.)

The New Mexico Supreme Court received Jackson's petition for writ of certiorari on March 2, 2006. (*Id*. Ex. K.) On the same date, it sent a letter to Jackson informing her that her petition had been received but that it was late. (*Id*.) It noted that the petition must be filed on or before the thirtieth day after the district court decision is filed, and that in Jackson's case that date was November 17, 2005. (*Id*.) The letter stated that the court's rules would not allow it to accept a late petition for any reason and that the petition was being returned to Jackson. (*Id*.)

Jackson filed an application for a writ of habeas corpus in this Court on April 11, 2006. (Doc. 1.) Respondents filed a motion to dismiss (Doc. 8), a memorandum in support (Doc. 9), and an answer (Doc. 10). Jackson has filed a response. (Doc. 12.) On April 17, 2006, this matter was referred me. (Doc. 7.)

## EXHAUSTION AND PROCEDURAL DEFAULT

Respondents contend that Jackson's petition must be dismissed with prejudice because her claims have not been exhausted and may be procedurally defaulted. (Doc. 8; Doc. 9 at 3-5.) A federal habeas petitioner must normally exhaust available state court remedies before a federal court

will entertain her petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see* 28 U.S.C.A. § 2254(b), (c). The federal claims must be fairly presented to the state courts in order to satisfy the exhaustion requirement. *Picard*, 404 U.S. at 275. To give the state courts a full and fair opportunity to act on her claims, the petitioner must invoke one complete round of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust her state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, this disposition "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

Jackson has not exhausted her state court remedies. She did not raise her federal claims in either her state petition for writ of habeas corpus or her petition for writ of certiorari.[1] (Doc. 1 at 6, 8, 9-10.) She has not invoked one complete round of the state's appellate review process. *See O'Sullivan*, 526 U.S. at 845.

Jackson's claims are also procedurally defaulted. A claim is procedurally defaulted for purposes of federal habeas review if the petitioner does not obtain timely review of the trial court decision by the New Mexico Supreme Court. *Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). When the New Mexico Supreme Court denies a petition as untimely, without considering the merits, it is an independent and adequate state ground for denying relief. *See Ballinger*, 3 F.3d at 1374.

---

[1] In her application for a writ of certiorari in this Court, Jackson raises three claims: (1) ineffective assistance of counsel, (2) conviction obtained by use of a coerced confession, and (3) entrapment. (Doc. 1 at 6, 7, 9.)

3

Federal habeas review of a claim that is procedurally defaulted based on an independent and adequate state ground "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

While Jackson alleges ineffective assistance, such a claim generally cannot serve as cause excusing a procedural default unless it is first presented to the state courts as an independent claim. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Jackson has not presented this claim to the state courts. (Doc. 1 at 6-7.)

As to her claim of a coerced confession, Jackson contends that she did not raise this claim in her direct appeal because she did not know she could raise it in a motion for reconsideration of sentence. (Doc. 1 at 7-8.) She stated that she did not raise it in a post-conviction motion or habeas petition because without counsel representing her she was unaware that she could raise this issue. (*Id.*) "Petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992). Jackson's mere lack of knowledge of the rules, without more, is not sufficient to demonstrate cause excusing her procedural default. *See id.*

Jackson claims that she did not raise her entrapment claim in her direct appeal because she was unaware how to file correct paperwork and was "limited because [she was] a prisoner." (Doc. 1 at 9.) She stated that she did not raise it in a post-conviction motion or habeas petition because she was not aware that she could raise the issue. (*Id.* at 9-10.) Her lack of knowledge is not sufficient to demonstrate cause. *See Dulin*, 957 F.2d at 760. Her claim that she was "limited because [she

was] a prisoner," (Doc. 1 at 9), is not sufficient to show a lack of reasonable access to the rules. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims."); *Dulin*, 957 F.2d at 760.  I therefore conclude that Jackson has not demonstrated cause excusing her procedural default.  As such, federal habeas review of her claims is barred. *See Thornburg v. Mullin*, 422 F.3d 1113, 1141 (10th Cir. 2005) (quoting *Harris v. Reed*, 489 U.S. 255, 262 (1989)).

Jackson has also failed to show a fundamental miscarriage of justice.  To do so, she would have to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  Jackson has not demonstrated that her case fits within this "extremely narrow exception [which is] implicated only in an extraordinary case." *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quotations omitted).

## RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that:

(1) the Motion to Dismiss (Doc. 8) be GRANTED,

(2) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) be DENIED, and

(3) this cause be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE